APPEALS OF J. E. CHANDLER AND E. B. TEAGUE.

Docket Nos. 4039, 4040. Submitted October 23, 1925. Decided November 24, 1925.

*George E. H. Goodner, C. P. A.*, for the taxpayers.
*W. F. Gibbs, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

capital stock of the Pioneer Lumber & Creosoting Co. owned by the Advance Lumber Co. at the time of its dissolution on August 1, 1919; (2) in holding that the value of property received by taxpayers upon liquidation of the corporation in excess of the cost of their stock was subject to the normal tax; and (3) in holding that premiums on policies of life insurance taken out upon the lives of the taxpayers and paid by the partnership, of which they were members, were not proper deductions as ordinary and necessary expenses.

### FINDINGS OF FACT.

Taxpayers are residents and citizens of Birmingham, Ala. In November, 1918, the Advance Lumber Co., hereinafter referred to as the Advance Company, a corporation, the entire capital stock of which they owned in the proportion of one-third and two-thirds, respectively, purchased 197 shares of capital stock of the Pioneer Lumber & Creosoting Co., hereinafter referred to as the Pioneer Company, for which it paid $17,400. The Pioneer Company was organized in 1911 and had operated with little success in the way of profits until 1917. For about five years prior to 1919 the Advance Company had an arrangement with the Pioneer Company whereby the former furnished the lumber, poles, tiling, ties, etc., which were treated by the latter for a stipulated price, after which the material was sold by the Advance Company. The Pioneer Company agreed not to take business from others and to permit the Advance Company to store its stock in the yards of the Pioneer Company without cost. In November, 1918, the Advance Company had a large stock of lumber, poles, tiling, ties, etc., in the yard which had not been creosoted. A short time prior to November, 1918, the Advance Company was advised by the Pioneer Company that the arrangement would be discontinued and, also, that its majority stockholders would place their stock upon the market. Thereupon, the Advance Company, in order to prevent a possible loss and considerable expense through the moving of its material and the making of other arrangements for having its timber creosoted, began negotiations for the purchase of a majority of the stock of the Pioneer Company, with the result that 197 shares were purchased for $17,400, thereby enabling it to continue the arrangement as theretofore.

During 1914 the stock of the Pioneer Company sold for $50 a share. In 1917, 50 shares were sold for $20 a share. In that year the taxpayers were offered 75 shares at $20 a share, par value $100, but did not purchase them.

The balance sheets of the Pioneer Company at December 31, 1917, and at December 31, 1918, were as follows:

| Assets: | 1917 | 1918 |
|---|---|---|
| Merchandise on hand | $6,197.56 | $8,287.06 |
| Accounts receivable | 1,036.46 | 3,079.77 |
| Bills receivable | | 2,300.00 |
| Machinery | 25,037.74 | 22,557.44 |
| Livestock and equipment | 175.00 | 244.00 |
| Office fixtures and supplies | 479.00 | 431.10 |
| Liberty bonds | | 300.00 |
| Cash in bank | 127.75 | 630.43 |
| Cash in hand | | 15.00 |
| Deficit | 11,413.02 | |
| Loss and gain | | 7,100.00 |
| | 44,466.53 | 44,945.20 |
| Liabilities: | | |
| Capital stock | 25,400.00 | 30,000.00 |
| Accounts payable | 744.88 | 445.20 |
| Bills payable— | | |
| Bank of Ensley | 16,500.00 | 14,500.00 |
| Bank of Alabama | 1,500.00 | |
| Interest due January 1 | 321.65 | |
| | 44,466.53 | 44,945.20 |

The balance sheet at December 31, 1919, was as follows:

| Assets: | |
|---|---|
| Accounts receivable | $9,915.17 |
| Bills receivable | 2,300.00 |
| Merchandise | 7,197.61 |
| Livestock and equipment | 200.00 |
| Machinery | 20,620.15 |
| Liberty bonds | 500.00 |
| Office fixtures | 400.00 |
| Cash in bank | 21.66 |
| Deficit | 4,581.79 |
| | 45,736.38 |
| Liabilities: | |
| Accounts payable | 100.00 |
| Bills payable | 13,000.00 |
| Capital stock | 30,000.00 |
| Interest due bank | 238.92 |
| E. B. Teague | 1,000.00 |
| J. E. Chandler | 500.00 |
| H. C. Russell | 897.46 |
| | 45,736.38 |

The earnings of the Pioneer Company amounted to $2,709.64 in 1917, $6,612.63 in 1918, and $2,518.61 in 1919.

On August 1, 1919, the Advance Company was dissolved and these taxpayers received one-third and two-thirds, respectively, of the assets of the company, and assumed the same proportion of its liabilities, carrying on the business thereafter as a partnership under

the firm name of the Advance Lumber Co.   The 197 shares of stock of the Pioneer Company were set up on the books of the partnership at a value of $15,047.66 at the date of dissolution of the Advance Company.   Each of the taxpayers reported as a profit his distributive share of the assets received upon the dissolution, the only item in dispute being the value on August 1, 1919, of the 197 shares of stock, which the Commissioner valued at $17,400.   The value of the 197 shares of stock of the Pioneer Company on August 1, 1919, was $15,047.66.

The Commissioner also held that the amounts received by taxpayers upon dissolution in excess of the cost or fair market value on March 1, 1913, of their stock, which is not in dispute, was subject to both normal and surtax under section 201 (a) (c) of the Revenue Act of 1918.

During the years 1920 and 1921 the partnership, composed of the taxpayers, borrowed considerable sums of money from the banks. In order to obtain these loans they took out insurance policies upon their lives, placing them with the banks as security.   The partnership paid the premiums on said policies and deducted, as an expense in the years 1920 and 1921, the premiums so paid, amounting to $482.60 and $466.10, respectively, which deductions the Commissioner disallowed and increased the incomes of the taxpayers accordingly.

### DECISION.

The deficiency should be computed on the basis of the value of 197 shares of the Pioneer Lumber & Creosoting Co.'s stock of $15,047.66.   The determination is otherwise approved.   *Appeal of John K. Greenwood*, 1 B. T. A. 291.   Final determination will be settled on 15 days' notice, under Rule 50.